UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ANGEL BROWN, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF GARDENA, *et al.*,<br><br>　　　　　　Defendants. | Case No. CV 25-06271-DMG (AS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the First Amended Complaint, all of the records herein, the Report and Recommendation of a United States Magistrate Judge ("Report" [Doc. # 28]), and Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation ("Objections" [Doc. # 29]).

The Report recommends the dismissal of the First Amended Complaint with leave to amend. Plaintiffs' objections to the

Report do not merit any change to the Report's findings or recommendations.

Plaintiffs object that Defendant City of Gardena, before filing its motion to dismiss, failed to comply with the meet-and-confer obligations of Local Rule 7-3.  Objections at 5-6.  The Court agrees with the Report that, despite non-compliance with the rule, consideration of the motion was a proper exercise of discretion.  Report at 9-10.  Plaintiffs cannot be absolved of all blame for the failure to meet and confer, given their admitted delay of several days in retrieving or listening to defense counsel's voicemail about his plan to file the motion.  Report at 9 n.5; *see also* Doc. # 20 ¶¶ 3-4, Doc. # 21 ¶ 4.  Moreover, no prejudice to Plaintiffs is apparent from the failure to comply.  Report at 9.

Plaintiffs object that they have stated a claim for municipal liability against the City under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), based on Plaintiffs' alleged lockout from their unit on June 5, 2024.  Objections at 7-10.  In particular, they allege that Officer Colon was present during a prior unlawful exclusion on December 1, 2023, so that the "repeat involvement of the same officer in multiple unconstitutional lockouts—without apparent retraining or discipline—demonstrates the City of Gardena's failure to train, supervise, and discipline its officers."  *Id*. at 10.  Plaintiffs also appear to add new allegations of wrongdoing by Officer Kwyn Boggs and Supervisor Michael Hassoldt.  *Id*. at 7.  But Plaintiffs did not raise these

allegations in their First Amended Complaint, which raises a *Monell* claim that is conclusory. Doc. # 1-1 at 3. The Court declines to consider factual allegations raised for the first time in objections to the Report. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (*de novo* review does not require consideration of supplemental factual allegations that were not presented to the Magistrate Judge). As the Report directed, "[i]nstead, Plaintiffs may seek to clarify their claims in any Second Amended Complaint they file." Report at 13 n.9.

Plaintiffs object that they have stated a *Monell* claim against the City based on an alleged warrantless entry and seizure at their unit on December 1, 2023. Objections at 11-15. In particular, they allege that this was not an isolated event, given that Officer Colon actively participated in another illegal eviction on June 5, 2024, which "followed a nearly identical pattern." *Id*. at 13. This alleged pattern was not raised in the civil rights claims in the First Amended Complaint. Doc. # 1-1 at 3, 5. As the Report directed, Plaintiffs may seek to clarify their claims in any Second Amended Complaint they file. Report at 13 n.9.

Plaintiffs object that they have stated a *Monell* claim against the City based on incidents from July 13 to 14, 2024, which allegedly reflected a pattern of unconstitutional conduct. Objections at 15-19. The incidents allegedly involved the police's failure to enforce the law against a person who had criminally trespassed into Plaintiffs' unit, as well as a watch commander's alleged retaliatory threat of citation against Plaintiffs for

reporting the trespass. *Id*. Plaintiffs' allegations about these incidents were not raised in their First Amended Complaint. Doc. # 1-1 at 3. Plaintiffs may seek to clarify their claims in any Second Amended Complaint they file. Report at 13 n.9.

Plaintiffs object that they have properly complied with California's Government Claims Act for their state law claims. Objections at 20-22. This objection is not responsive to the Report, which found that, "having dismissed Plaintiffs' federal claims, the Court declines to retain jurisdiction over these supplemental state claims, which should be dismissed without prejudice." Report at 16.

Plaintiffs object that they have stated a *Monell* claim based on the City's alleged knowledge that the building was condemned and uninhabitable and its permission to the landlord to continue leasing it. Objections 29 at 22-27. These allegations were not raised in the *Monell* claim in the First Amended Complaint. Doc. # 1-1 at 3. Plaintiffs may seek to clarify their claims in any Second Amended Complaint they file. Report at 13 n.9.

Pursuant to 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of those portions of the Report to which Objections were directed. Having completed its review, the Court accepts the findings and recommendations set forth in the Report. In sum, Plaintiffs' Objections do not cause the Court to reconsider its decision to accept the Magistrate Judge's conclusions and recommendations.

**IT IS ORDERED** that (1) Plaintiffs' Request for Judicial Notice is DENIED; (2) Defendant's Motion to Dismiss is GRANTED; (3) the First Amended Complaint is DISMISSED WITH LEAVE TO AMEND; (4) Plaintiffs are ordered to file a Second Amended Complaint no later than thirty (30) days from the date of this Order; and (5) Plaintiffs are notified that failure to file a Second Amended Complaint will result in the dismissal of their federal claims, with prejudice, against Defendants.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Magistrate Judge's Report and Recommendation on Plaintiffs.

DATED: January 14, 2026

_____
DOLLY M. GEE
CHIEF UNITED STATES DISTRICT JUDGE